IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN KELLY,** | : | **CIVIL NO. 1:10-CV-2658** |
| **Plaintiff** | : | |
| v. | : | |
| **SAMUEL A. KLINE;** | : | |
| **JOHN C. TYLWALK;** | : | |
| **ROBERT D. KINNEAR;** | : | |
| **COUNTY OF LEBANON;** | : | |
| **ADAM SAUL;** | : | |
| **BRYAN MONG;** | : | |
| **EILEEN LUTZ;** | : | |
| **BRIAN DEIDERICK;** | : | |
| **ELIZABETH JUDD; and** | : | |
| **THOMAS M. CAPELLO,** | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

## **I.      Background**

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, Allen Kelly, sues certain Lebanon County officials, i.e. Samuel A. Kline, Judge; John C. Tylwalk, Judge; Robert D. Kinnear, Assistant District Attorney; the County of Lebanon; Adam Saul and Bryan Mong, Lebanon County Detectives; Eileen Lutz, Deputy Clerk of Court; Brian Deiderick, Chief Public Defender; Elizabeth Judd, Assistant Public Defender; and Thomas Capello, Magistrate of District 52-2-01.

Plaintiff has certain criminal charges brought against him in Lebanon County, Pennsylvania. The instant action arises out of those proceedings. Plaintiff seeks injunctive and declaratory relief as well as monetary damages against all of the captioned defendants. In addition, Plaintiff seeks leave to proceed *in forma pauperis*. The complaint will be examined pursuant to 28 U.S.C. § 1915A(a).

**II.**       **<u>Legal Standard for Review</u>**

As far as this court can ascertain, the criminal proceedings against Plaintiff are ongoing . In *Younger v. Harris*, 401 U.S. 17, (1971), the court held that a federal district court could not enjoin pending state criminal proceedings when the federal suit was commenced. This doctrine also applies to declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66 (1971). Thus, all equity relief requested in the complaint will be denied.

Plaintiff, however, also seeks monetary relief. In *Deakins v. Monaghan,* 484 U.S. 193 (1988), the United States Supreme Court held that a district court "has no discretion to dismiss rather than stay claims for monetary relief that cannot be redressed in state proceedings. *Id.* at 202. Thus, the court will examine the complaint to determine if Plaintiff is entitled to monetary relief.

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d

2

Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). It is on this standard that the court will preliminarily review the complaint.

### III.       Discussion

Under § 1983, Plaintiff must allege that Defendants were acting under color of state law and that, while so acting, deprived Plaintiff of a federal constitutional right. It appears that all Defendants were acting under color of state law. Plaintiff appears to allege that his constitutional right to access to court is being denied. He claims that continuous motions for postponement has caused a delay in the case being adjudicated for his alleged crime.

Plaintiff's allegations against each Defendant are as follows:

It is alleged that Judge Klein denied Plaintiff a reduction in bail; granted a continuance over Plaintiff's objections; and disregarded Plaintiff's motion to dismiss a summary conviction.

It is alleged that Judge Tylwalk failed to act on a motion by Plaintiff to recant his testimony at a preliminary hearing and denied his public defender's motion to withdraw as Plaintiff's counsel.

The only discernable complaint against assistant district attorney Robert Kinnear is that he requested several continuances without giving Plaintiff prior notice.

There are no allegations against the County of Lebanon.

There are no allegations against Detectives Adam Saul or Bryan Mong.

The only allegation against deputy clerk of court Eileen Lutz is that she did not provide Plaintiff with copies of certain documents he requested.

3

Plaintiff alleges that as chief public defender, Brian Deiderick should have represented Plaintiff instead of Elizabeth Judd who Plaintiff alleges was incompetent in her representation of Plaintiff.

Plaintiff alleges Elizabeth Judd was incompetent as to certain issues in her representation of Plaintiff.

The only discernable issue as to Magistrate Thomas Capello is that as a district magistrate, he failed to set a reasonable bail and/or denied bail altogether.

The judges named by Plaintiff are immune from suit pursuant to *Stump v. Sparkman*, 435 U.S. 349 (1978). The prosecutor is immune from suit pursuant to *Imblem v. Pachtman*, 424 U.S. 409, 430 (1976). The public defenders are immune from suit pursuant t *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, this court will dismiss Defendants Judge Klein, Judge Tylwalk, Robert Kinnear, Brian Deiderick, Elizabeth Judd and Magistrate Thomas Capello because they are immune from suit.

Defendants County of Lebanon, Adam Saul, Bryan Mong, and Elizabeth Lutz will be dismissed as Defendants for Plaintiff's failure to state a claim against them (no allegations were stated in the complaint).

**IV.     Conclusion**

In light of the above, Plaintiff's complaint does not state a cause of action that warrants an award of monetary damages. Therefore, the action will not be stayed as to that form of relief. An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: January 26, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ALLEN KELLY,**
: CIVIL NO. 1:10-CV-2658
**Plaintiff**
:
v.
:
**SAMUEL A. KLINE;**
**JOHN C. TYLWALK;**
**ROBERT D. KINNEAR;**
**COUNTY OF LEBANON;**
**ADAM SAUL;**
**BRYAN MONG;**
**EILEEN LUTZ;**
**BRIAN DEIDERICK;**
**ELIZABETH JUDD; and**
**THOMAS M. CAPELLO,**
:
**Defendants**

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's application for leave to proceed *in forma pauperis* is granted for purposes of this order only.

2) The complaint is dismissed as to all Defendants.

3) The Clerk of Court shall close the file.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                               s/Sylvia H. Rambo
                                                               United States District Judge

Dated: January 26, 2011.